### In re BISSERT.

(Circuit Court, S. D. New York. October 8, 1901.)

**ADMISSION TO BAIL—JURISDICTION.**

Where appeal has been taken from decision of a federal court discharging writ of habeas corpus, and pending it the prisoner has been remanded to the custody of state officers, as authorized by Supreme Court Rule 34, such federal court has no jurisdiction to entertain motion to admit to bail.[1]

Roger U. Sherman, for writ.

Harvard S. Gans, opposed.

LACOMBE, Circuit Judge. The writ of habeas corpus is dismissed, and prisoner remanded to custody from whence he came.

(October 26, 1901.)

Rule 34 of the supreme court provides:

"Pending an appeal from the final decision of any court or judge discharging the writ after it has been issued, the prisoner shall be remanded to the custody from which he was taken by the writ, or shall, for good cause shown, be detained in custody of the court or judge, or be enlarged upon recognizance," etc.

Appeal has been taken from the decision of this court, and in conformity with the above rule the prisoner has been remanded to the custody, not of the United States marshal, but of the state officers. Inasmuch as the appeal removed the cause from this court, and the remand removed the prisoner, the court would seem to be functus officii. Whatever tribunal may or may not now have power to entertain motion to admit to bail, it certainly is not the United States circuit court for the Southern district of New York, which no longer holds either the cause or the prisoner.

Application denied.

[1] Conflicting jurisdiction of state and federal courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.